NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

ERIC M. RICHARDSON,

    Petitioner

v.

DAVID E. ORTIZ,

    Respondent

Civ. No. 19-21107 (RMB)

**MEMORANDUM AND ORDER**

---

Petitioner Eric M. Richardson is a prisoner who was incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey when he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his loss of good time credits as a sanction following a prison disciplinary hearing in the United States Penitentiary Hazelton ("USP Hazelton") in Bruceton Mills, West Virginia. (Pet., ECF No. 1.) Petitioner filed a Motion for Amendment of his petition on April 29, 2020 (Mot. for Amendment, Dkt. No. 7), and a Motion for Summary Judgment on June 9, 2020 (Mot. for S.J., Dkt. No. 8), and Respondent timely filed an Answer on June 25, 2020.[1] (Answer, Dkt. No. 9.) For the reasons discussed

---

[1] By Order dated April 13, 2020 (Dkt. No. 5), the Court directed Respondent to file an answer to the petition within 45 days. However, Standing Order 20-04 was in effect in the District of New Jersey from March 24, 2020 through April 30, 2020, which extended

below, the Court will grant Petitioner's Motion for Amendment and dismiss Petitioner's Motion for Summary Judgment without prejudice.

I.  BACKGROUND

Petitioner is serving a 180-month sentence imposed on December 1, 2010, in the United States District Court for the District of Maryland, for conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. Declaration of Marisa Nash[2] ("Nash Decl."), Ex. A (Public Information Inmate Data) at 2, Dkt. No. 9-3 at 3.) If Petitioner receives all good conduct time currently available to him, his projected release date is April 16, 2022. (Id., Ex. A at 3.)

II. PETITIONER'S MOTION FOR AMENDMENT

In his Motion for Amendment, Petitioner alleges that on February 7, 2019 at USP Hazelton, staff members Ashley and Simms conducted unauthorized strip searches on himself and eleven other

---

the time for Respondent to answer by 45 days, until July 13, 2020, due to delays caused by the COVID 19 pandemic. See IN RE: ADDITIONAL MEASURES DUE TO THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19, Standing Order 20-04 (D.N.J. Mar. 24, 2020) available at www.dnj.uscourts.gov.

[2] Marisa Nash is a Senior Attorney employed by the United States Department of Justice, Federal Bureau of Prisons, at the Northeast Regional Office, who has access to BOP records kept in the ordinary course of business. (Nash Decl., ¶1, Dkt. No. 9-2.)

inmates between 7:58 and 8:28 p.m. (Mot. for Amendment, Dkt. No. 7 at 2-3.) Petitioner alleges he informed Ashley that forcing him to bend over and spread his butt cheeks violated his religious beliefs. (Id. at 3.) Petitioner alleges Ashley threatened to use force against Petitioner if he did not comply. (Id.) Petitioner then threatened to inform Captain Howard of the incident. (Id.) Petitioner alleges that he and other eleven inmates were unnecessarily strip searched. (Id.) Petitioner further alleges that video from security cameras would refute Ashley's allegation that Petitioner had been acting abnormally. (Id.) Instead, Petitioner claims that Ashley falsified the incident report as a result of their dispute over the strip search. (Id.)

Next, Petitioner describes an alleged incident that took place before his DHO hearing on March 13, 2019. (Id. at 4.) He alleges that staff member Simms, who was involved in the unauthorized strip search, worked in the Special Housing Unit where Petitioner was housed, and that she spoke to the DHO before the hearing. (Id.) Petitioner alleges the DHO then falsely claimed that Petitioner's requested witnesses could not appear at the hearing for security reasons, and that the DHO withheld five witness statements prepared for the hearing. (Id.)

While Petitioner may not raise a First Amendment retaliation claim or other constitutional claims for damages or injunctive

3

relief in a habeas petition,[3] Petitioner may assert a factual dispute over the circumstances that led a staff member to file an incident report against him and may also make factual allegations regarding the DHO's partiality. The Court will grant Petitioner's Motion for Amendment and direct Respondent to answer these claims in Petitioner's Motion for Amendment. See Federal Rule of Civil Procedure 15(a)(1)(B) ("A party may amend its pleading once as a matter of course" if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading….")

III. PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Petitioner also filed a Motion for Summary Judgment. (Mot. for S.J., Dkt. No. 8.) Petitioner's Motion for Summary Judgment did not comply with Local Civil Rule 56.1, which requires, in relevant part:

> (a) Statement of Material Facts Not in Dispute
>
> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, ***in separately numbered paragraphs citing to the affidavits and other***

---

[3] See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (jurisdiction under § 2241 is proper where a prisoner challenges "that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment" or "his claim is a challenge to the length of his confinement[.]")

> ***documents submitted in support of the motion.***
> A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.

District of New Jersey, Local Civil Rule 56.1(a) (emphasis added).

The Court will dismiss Plaintiff's motion for summary judgment without prejudice. The Court notes that any challenges to the DHO's finding of guilt and Petitioner's loss of good conduct time as a sanction may not be asserted for the first time in a motion for summary judgment. Further, if Petitioner wishes to bring claims concerning his conditions of confinement, such as denial of outdoor recreation time or other conditions related to his confinement in the Special Housing Unit, such claims must be brought in a civil rights action rather than a petition for writ of habeas corpus. See supra n. 3.

Under Habeas Rule 8, courts may resolve a habeas petition after reviewing the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 (expanding the record) if an evidentiary hearing is unwarranted. After Respondent answers the amended petition, the Court will determine whether an evidentiary hearing is required to resolve a factual dispute. A summary judgment motion is unnecessary to obtain resolution of the habeas petition, as amended. Petitioner, however, is not precluded from filing a motion for summary judgment that is in compliance with Local Civil Rule 56.1. See § 2254 Habeas

5

Rule 12 (Federal Rules of Civil Procedure that do not conflict with the Habeas Rules may be applied in habeas proceedings).

**IT IS** therefore on this **14th day of October 2020**,

**ORDERED** that Petitioner's Motion for Amendment (Dkt. No. 7) is **GRANTED**; Respondent shall file an amended answer responding to the factual disputes raised in the Motion for Amendment within fourteen days of the date of entry of this Order; Petitioner may file a reply to the amended answer within 14 days of service of the amended answer, and it is further

**ORDERED** that the Clerk shall administratively terminate Petitioner's Motion for Summary Judgment (Dkt. No. 8) for noncompliance with Local Civil Rule 56.1; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**